15-3109-cv
*Micula, et al. v. Gov't of Romania*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand seventeen.

PRESENT:    RALPH K. WINTER,
            DENNY CHIN,
            CHRISTOPHER F. DRONEY,
                *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IOAN MICULA, EUROPEAN FOOD S.A., S.C.
STARMILL S.R.L., MULTIPACK S.R.L, AND
VIOREL MICULA,

                    *Petitioners/Intervenor-Appellees*,

                    v.

                                                    15-3109-cv

GOVERNMENT OF ROMANIA,

                    *Respondent-Appellant.* [*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*]      The Clerk of Court is respectfully directed to amend the official caption to conform to the above.

FOR INTERVENOR-APPELLEE
VIOREL MICULA:

DANFORTH NEWCOMB (Paula H. Anderson, *on the brief*), Shearman & Sterling LLP, New York, New York.

FOR PETITIONERS-APPELLEES
IOAN MICULA, EUROPEAN FOOD
S.A., S.C. STARMILL S.R.L., S.C.
MULTIPACK S.R.L.:

FRANCIS A. VASQUEZ, JR., White & Case LLP, Washington, DC.

FOR RESPONDENT-APPELLANT:

IOANA SALAJANU, Rock Fusco & Connelly LLC, Chicago, Illinois.

FOR AMICUS CURIAE:

Lee F. Berger, Joseph R. Profaizer, Igor V. Timofeyev, Paul Hastings LLP, Washington, DC.

Appeal from orders of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **REVERSED**, the amended judgment is **VACATED**, and the case is **REMANDED** as set forth below.

Respondent-Appellant Government of Romania ("Romania") appeals from two opinions and orders of the district court (Schofield, *J.*) denying its challenges to the recognition of an arbitral award (the "Award") issued by the International Centre for Settlement of Investment Disputes ("ICSID") in favor of certain Swedish nationals and affiliated companies, Petitioners/Intervenor-Appellees herein ("Petitioners").[1] We

---

[1] By order, entered December 22, 2015, this Court granted the Petitioners' motion to dismiss Romania's appeal of the underlying amended judgment as untimely, but permitted Romania to proceed with its appeal from the district court's orders entered August 5, 2015 and September 9, 2015 declining to vacate or modify the amended judgment.

2

assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On April 11, 2014, following the issuance of the Award, Viorel Micula, one of the Petitioners, filed an *ex parte* petition in the District of Columbia to "confirm" the Award. A year later, the district court denied the petition without prejudice concluding -- as Romania asks this Court to do on appeal -- that ICSID awards may not be converted into judgments by summary *ex parte* proceedings. *See Micula v. Gov't of Romania*, 104 F. Supp. 3d 42, 52 (D.D.C. 2015).

Again on an *ex parte* basis, on April 21, 2015, the Petitioners other than Viorel Micula filed a petition to recognize the Award in the Southern District of New York using summary procedures set forth in Article 54 of the New York Civil Practice Law and Rules (the "CPLR"). This time, the district court (Buchwald, *J.*) granted the petition and entered judgment the same day. Viorel Micula then filed a motion to intervene and amend the judgment to include him as a party entitled to payment, which motion was granted on April 28, 2015.

On May 19, 2015, Romania filed a motion under Rules 59(e), 60(b), and 62(b) to amend, vacate, or stay the amended judgment.[2] It principally argued, as it does on appeal now, that the amended judgment is void because (1) the Foreign Sovereign

---

[2] Romania also moved for relief with respect to the original judgment, but the district court denied that motion as moot as the amended judgment became the operative judgment.

3

Immunities Act (the "FSIA") provides the sole basis for jurisdiction over a foreign sovereign award-debtor, and the FSIA is the exclusive mechanism by which an ICSID award against a foreign sovereign may be recognized, and (2) under the FSIA, venue is improper in the Southern District of New York. The district court (Schofield, *J.*) denied the motion on August 5, 2015, concluding that the FSIA is inapplicable to the enforcement of an ICSID award and that personal jurisdiction over Romania under the FSIA was not required to enter judgment against it. Romania then filed a motion to reconsider, raising the same FSIA and venue challenges. The district court (Schofield, *J.*) denied that motion on September 9, 2015. This appeal timely followed.

We review the denial of Romania's motion to alter or amend the judgment under Rule 59(e) for abuse of discretion. *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004). The denial of Romania's motion to vacate the judgment under Rule 60(b), however, is reviewed *de novo*. *See Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005). A party is entitled to relief from a final judgment under Rule 60(b) when the judgment is "void," that is, if the court entering judgment lacked subject matter or personal jurisdiction over the judgment debtor. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011).

The issues presented in this appeal are virtually identical to those that this Court recently addressed in *Mobil Cerro Negro, Ltd. v. Venezuela*, 863 F.3d 96 (2d Cir. 2017). There, the district court had also entered judgment against a foreign sovereign

4

enforcing an ICSID arbitral award based on a creditor's petition in the Southern District of New York, and filed in *ex parte* proceedings under the CPLR. *See id*. at 99. As relevant to this appeal, in *Mobil Cerro*, we held the following: (1) The district court erred in finding that the FSIA did not govern the enforcement of ICSID awards against foreign sovereigns and that its procedural mandates were inapplicable, *see id.* at 99-100; (2) the FSIA provides the exclusive mechanism for enforcement of ICSID awards against foreign sovereigns in federal court, and summary *ex parte* proceedings (such as those under the CPLR) are incompatible with the FSIA, since they are, by nature, conducted without required service on the foreign state, *id.* at 99; (3) because the award creditor failed to satisfy the FSIA's requirement for service, the district court lacked jurisdiction over the foreign sovereign under the FSIA and its judgment was void, *id.* at 124-25; and (4) venue was improper in the Southern District of New York because the FSIA requires a plenary action to be brought in the District of Columbia unless "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," in another district. 28 U.S.C. § 1391(f); *see also Mobil Cerro*, 863 F.3d at 125.

Accordingly, as to Romania's first argument, we agree that the district court erred in holding that the FSIA does not apply to the enforcement of ICSID awards against foreign sovereigns. To the contrary, the FSIA provides the sole basis for jurisdiction over Romania and sets forth the exclusive procedures for the recognition of

5

the ICSID Award. *See Mobil Cerro*, 863 F.3d at 115. The Petitioners' use of a summary *ex parte* proceeding borrowed from the CPLR was neither permitted under the FSIA nor adequate to satisfy its procedural mandates. *See id.* at 99. Instead, the Petitioners were required to file a plenary action, subject to the requirements of process, to convert the Award into an enforceable judgment against Romania. *See* 28 U.S.C. § 1330(b). The district court thus lacked jurisdiction over Romania under the FSIA, and erred in declining to vacate its judgment as void.

As to Romania's second argument, we also agree that the Southern District of New York is an improper venue under the FSIA, at least on this record. The Petitioners' *ex parte* petition is devoid of any assertion that New York is the appropriate venue under the FSIA. It is also unclear from the face of the petition that there is any conduct connecting this action to New York. The parties are foreign, the arbitration hearings were conducted in Paris, and the property at issue was located in Romania.

Because the FSIA governs all aspects of this action, and its procedural requirements have not been satisfied, the district court lacked subject matter and personal jurisdiction over Romania. Accordingly, the judgment below is void and the district court's orders must be reversed and its judgment vacated without prejudice to the Petitioners' filing an action to enforce the ICSID award in compliance with the FSIA and in a court in which venue is proper.

We have considered the Petitioners' remaining arguments and conclude they are

6

without merit.  Accordingly, we **REVERSE** the orders of the district court, **VACATE** the amended judgment, and **REMAND** the case to the district court with instructions to dismiss the petition without prejudice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk